**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY<br>430 East 29th Street, 14th Floor<br>New York, NY 10016,<br><br>    Plaintiff,<br><br>  v.<br><br>L. FRANCIS CISSNA, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>KIRSTJEN M. NIELSEN, Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>LAURA B. ZUCHOWSKI, Director<br>U.S. Citizenship and Immigration Services<br>Vermont Service Center<br>75 Lower Welden Street<br>St. Albans, VT 05479,<br><br>    Defendant. | Civil Action No. 1:19-cv-442 |

**COMPLAINT**

**Introduction**

  1. Plaintiff Bristol-Myers Squibb Company ("BMS") challenges the unlawful denial of its nonimmigrant petition (EAC-18-146-50203) seeking approval of H-1B classification on behalf of Dr. Muthafar Mohamad under 8 U.S.C. § 1101(a)(15)(H).

  2. BMS is engaged in the discovery, development, licensing, manufacturing, marketing, distribution, and sale of pharmaceuticals and related healthcare products. The company's mission is to discover, develop, and deliver innovative medicines that help patients

prevail over serious diseases.

3. As described in its initial petition to U.S. Citizenship and Immigration Services (hereinafter "USCIS" or "the Service"), BMS seeks to employ Dr. Mohamad in the role of Associate Director, Pathology to provide high level support to the company's drug discovery efforts. Classified in the "Physicians and Surgeons, All Other" (specifically, Pathologist) occupation according to the U.S. Department of Labor taxonomy, the minimum requirements of the role included "the attainment of a Bachelor's degree, or equivalent, in Pathology/Toxicology, Veterinary medicine, Veterinary Science, or related." *See* Ex. 1 (March 30, 2018, Employer Support Letter).

4. On December 17, 2018, USCIS denied the H-1B petition, concluding that "the evidence of record does not establish that the offered position as described meets any of the four criteria specified in 8 CFR, section 214.2(h)(4)(iii)(A)." *See* Ex. 3 (December 17, 2018 Notice from USCIS)

5. The denial of the petition by USCIS runs counter to, and fundamentally disregards, substantial evidence in the record. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

6. BMS seeks an order overturning the denial and requiring USCIS to adjudicate and approve its H-1B nonimmigrant petition.

**Jurisdiction and Venue**

7. This is a civil action brought under 5 U.S.C. §§ 702, 704 of the Administrative Procedure Act ("APA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–02, and injunctive relief under 5 U.S.C. § 702, and

28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

8. Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## Parties

9. Plaintiff BMS is a Delaware corporation headquartered in New York, NY.

10. Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition BMS filed on behalf of Dr. Mohamad.

11. Defendant L. Francis Cissna is the Director of USCIS. He has ultimate responsibility for the denial of BMS's petition and is sued in his official capacity.

12. Defendant Kirstjen M. Nielsen is the Secretary of DHS, and is sued in her official capacity.

13. Defendant Laura B. Zuchowski is the Director of the Vermont Service Center, and is sued in her official capacity. She leads the specific office within USCIS that adjudicated the petition.

## Legal Framework

14. The Immigration and Nationality Act ("INA") provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

15. A specialty occupation is a position that requires the theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher

degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8 U.S.C. § 1184(i)(1).

16.   DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

17.   Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum requirement for entry into the particular position;
- The degree requirement is common in industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
- The employer normally requires a degree or equivalent for the position; or
- The nature of specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with attainment of a baccalaureate or higher degree.

18.     To perform services in a specialty occupation, a beneficiary must, *inter alia* , hold a U.S. bachelor's or higher degree from an accredited college or university (or a foreign degree determined to be equivalent) as required by the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(C).

**Factual Allegations**

19.     USCIS accepted an H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Dr. Muthafar Mohamad on April 12, 2018.

20.     Dr. Mohamad has been employed by BMS since August 2016 in proffered role of Associate Director, Pathology. He is authorized to work in the United States through June 5, 2019, in TN nonimmigrant status. *See* Ex. 4 (Form I-94).

21.     Dr. Mohamad earned the degree of Doctor of Veterinary Medicine from the University of Guelph in 2006 and a PhD in Pathology from the Department of Veterinary Pathology and Microbiology at the University Putra, Malaysia in 2000. He also was awarded a Master's degree in Veterinary Pathology and Forensic Medicine from the University of Baghdad in 1986, and a Bachelor's degree in Veterinary Medicine and Surgery from the University of Baghdad in 1982. These degrees were evaluated by a professional evaluation firm and equated to a PhD in Pathology, a Doctor of Veterinary Medicine, and a Master's degree in Veterinary Pathology from a regionally accredited university or college in the United States.

22.     As Plaintiff's support letter describes, the role of Associate Director, Pathology entails a range of duties that supports the company's critical drug discovery efforts. These include the review and selection of candidate compounds for further research, hands-on science (*e.g.*, microscopic inspection of tissue samples, necropsy, data analysis), diagnostic support for

the laboratory animal colony, review of internal pathology reports, peer review of colleagues' pathology data interpretation, and leadership of various related company-wide initiatives. (Ex. 1 at 1-2).

23. USCIS issued a Request for Evidence ("RFE") on July 16, 2018, challenging the qualifications of the position as one that requires at least a bachelor's degree, or equivalent, in a specific specialty. *See* Ex. 2 (July 16, 2018 Notice from USCIS). The RFE did not call into question any particular piece of evidence, but provided a range of suggested documentation that BMS could submit in response.

24. Plaintiff submitted its timely response on October 10, 2018, and, along with substantial evidence documenting the "specialty occupation" nature of the position, attached a support letter from Raveena Gayo, Manager, Immigration Services with BMS. This letter provided more detailed explanations of the beneficiary's proposed day-to-day job duties and the company's minimum requirements for the role, and tied these requirements to both the Pathologist occupation generally and the company's specific needs for this particular role. *See* Ex. 5 (Employer Response Letter).

25. As the RFE response letter describes, "Pathology is a branch of medical science primarily concerned with the examination of organs, tissue, and bodily fluids in order to make a diagnosis of disease." (Ex. 5 at 1). The beneficiary in particular serves in a "critical capacity position where his work influences decisions pertaining to past, present and future scientific research nationally and internationally." (*Id*. at 2). He "performs, reviews and evaluates scientific research and completes safety and efficacy studies detailing the results of research that will be submitted/reviewed by regulatory agencies, and interacts with worldwide regulatory agencies on nonclinical safety evaluation issues." (*Id.*).

26. The company's support letter elaborates further on the underlying skills required by the proffered role:

In order to perform the duties and responsibilities incumbent upon our Associate Director, Pathology position, an individual must possess advanced theoretical and practical knowledge of toxicologic pathology including knowledge and experience of the following studies: dose range findings, inhalation, infusion, oral gavage, dermal, radiation, and intraocular performed on the different species including rat, mice, rabbit, dog, minipigs and non-human primates. (*Id.* at 4).

27. Plaintiff submitted the following documentation, uncontroverted by Defendants, as evidence of the specialized nature of the role:

- O*Net summary report for the Pathologist occupation;
- Copies of prior advertisements for similar roles with the company;
- Résumés for current BMS employees who currently hold similar positions; and
- Copies of advertisements for similar roles with other companies within the pharmaceutical industry.

28. USCIS ultimately denied Plaintiff's petition on December 17, 2018. Focusing entirely on the position's stated day-to-day duties as described in the initial support letter, the denial concludes that Plaintiff did not establish the eligibility of the proffered position under any of the four "specialty occupation" factors enumerated by regulation at 8 C.F.R. §

214.2(h)(4)(iii)(A).

29. Despite a detailed response from the Plaintiff supported by additional credible documentation, the denial simply provides a bullet-point list of the evidence in the record. USCIS then reiterates the same issue that it outlined in the RFE as its basis for the denial:

> The job duties as described in your response letter do not appear to be such complexity uniqueness [sic] or specialization as to require the attainment of a bachelor's degree or higher in a specific field of study that consisted of the theoretical and practical application of a body of highly specialized knowledge. You [sic] response does not describe the substantive nature of the actual position to be held by the beneficiary within your business operations. (Ex. 3 at 4.)

30. The denial does not acknowledge the substantial additional evidence provided in response to the Service's RFE in any meaningful way. Instead, the denial cuts and pastes cherry-picked snippets from Plaintiff's submission, and inserts them in a templated denial notice. Ultimately, the central rationale for the denial appears to be as follows:

> "While the proposed duties may include familiarity and experience with different technological platforms and/or applications, you have not described with sufficient detail how they are more specialized and complex than those of other Associate Director, Pathology positions that are not usually associated with at least a bachelor's degree or higher in a specific specialty, or its equivalent." (Ex 3 at 6).

31. The job description and additional evidence submitted by the Plaintiff did not make reference to any "technological platforms and/or applications." Rather, the Plaintiff's job description presented typical scientific duties of a Pathologist working at a pharmaceutical company.

32. This conclusion contradicts the denial's prior assertion that USCIS examined the totality of the evidence under the required "preponderance of the evidence" standard.

33. This denial leaves Dr. Mohamad at risk of losing his work authorization upon the expiration of his TN nonimmigrant status.

34. Unless the Court vacates the denial of BMS's petition, the company will likely lose the services of a valuable employee in the United States.

## Exhaustion

35. The December 17, 2018, denial by USCIS of BMS's petition constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

36. Under 5 U.S.C. §§ 702 and 704, BMS has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## CAUSE OF ACTION

## COUNT I

### Administrative Procedure Act Violation (5 U.S.C. § 706)

37. Plaintiff incorporates the allegations set forth in the preceding paragraphs.

38. Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

39. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record.

## REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

1. Declare the Defendants' denial of BMS's H-1B petition is unlawful.

2. Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

3. Award Plaintiff its costs in this action; and

4. Grant any other relief that this Court may deem proper.

Dated: February 21, 2019                MORGAN, LEWIS & BOCKIUS LLP


By:/s/ Eleanor Pelta
Eleanor Pelta (DC Bar No. 418076)
eleanor.pelta@morganlewis.com
Daniel D. Schaeffer (DC Bar No. 888208991)
daniel.schaeffer@morganlewis.com

1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:     +1.202.739.3000
Facsimile:      +1.202.739.3001

Attorneys for Plaintiff